# PARKER HANSKI LLC

40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:     212.248.5600
Contact@ParkerHanski.com

October 1, 2021

<u>Via ECF</u>
The Honorable James R. Cho
United States Magistrate Judge
United States District Court

      **Re:**    *Atiba Clarke v. R.T.D. 52 L.L.C. and Lucky 87 Teriyaki Inc.*

    **Docket No. 1:20-cv-00122 (EK) (JRC)**

Dear Judge Cho:

    We represent the plaintiff in the above-entitled action. Pursuant to Your Honor's Order of July 20, 2021, the parties hereby submit this joint status report.

**Plaintiff's Position Statement**:

    After the July 20, 2021 conference, plaintiff's expert conducted a second inspection of the subject premises (on August 12, 2021). Plaintiff's expert found that the defendants had remediated the violations that he had catalogued based upon his first expert inspection (performed on September 24, 2020). Because of the defendants' remediation in 2021, a Stipulation of Dismissal of Plaintiff's first cause of action under the Americans with Disabilities Act has been filed today.

    Going forward, Plaintiff intends to pursue the following claims:
i) claims for compensatory damages under the New York State Executive Law and the New York City Human Rights Law (a.k.a. the Administrative Code of the City of New York);
ii) claims for punitive damages under the New York City Human Rights Law (a.k.a. the Administrative Code of the City of New York);
iii) claims for statutory violations of the New York State Civil Rights Law including resulting penalties; and
iv) claims for attorney's fees, costs and expenses under the catalyst theory of the New York City Human Rights Law (a.k.a. the Administrative Code of the City of New York).

    Defendants misapprehend the law by stating that plaintiff's ADA claim is moot. Plaintiff's ADA claim has been dismissed with prejudice and so ceases to exist from the action. The doctrine of mootness thus has no relevance to plaintiff's nonexistent ADA claim.

    Plaintiff takes no position regarding defendants' argument that the Court lacks original jurisdiction because plaintiff has no remaining federal claim in this action. Plaintiff also takes no

position as to whether the Court must retain supplemental jurisdiction over plaintiff's remaining nonfederal claims.

   Thank you for your time and attention to this matter.  With kindest regards, I am

                   very truly yours,

                    /s/
                   Glen H. Parker, Esq.

**Defendants' Position Statement[1]**:

  **A. The Court Lacks Subject Matter Jurisdiction Because Plaintiff's ADA Claim is Moot**

   The voluntarily dismissal, with prejudice, of Plaintiff's sole federal claim mandates dismissal of the entire action pursuant to Fed.R.Civ.P. 12(b)(1). Pursuant to Fed.R.Civ.P. 12(b)(1), a party may move for the dismissal of claims for lack of subject-matter jurisdiction. Fed.R.Civ.P. (12)(b)(1). A case is properly dismissed for lack of subject-matter jurisdiction when "the court lacks the statutory or constitutional power to adjudicate it, such as when…the [petitioner] lacks constitutional standing to bring the action." *Gonzalez-Reyes v. Decker*, 2020 WL 7869549, at *7 (S.D.N.Y. 2020) (*citing Carter v. HealthPort Techs., LLC,* 822 F.3d 47, 55 (2d Cir. 2016)).

  **B. The Court Must Decline Supplemental Jurisdiction Over the New York State Law Claims Because it Does Not Have Original Jurisdiction**

   The Court must decline supplemental jurisdiction over the New York State Law Claims, because it no longer has original jurisdiction. *See Bangladesh Bank v. Rizal Commercial Banking Corp.*, 2020 WL 1322275, at *4 (S.D.N.Y. 2020) *appeal withdrawn sub nom. Bangladesh Bank v. Santos Deguito*, 2020 WL 6145040 (2d Cir. 2020) (same); *CWCapital Cobalt VR Ltd. v. CWCapital Investments LLC*, 2018 WL 2731270, at *7 (S.D.N.Y. 2018) ("[w]here 'a district court…lack[s]…subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is…precluded from exercising supplemental jurisdiction over related state law-claims") (*citing Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017)); *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, 2018 WL 1578384, at *3 (S.D.N.Y. 2018) (same proposition) (*citing Cohen*, 873 F.3d at 399).

   In the undisputed absence of any federal claim, and in the interest of judicial economy, the Court need not set a briefing schedule on a motion to dismiss. *See*, *e.g.*, *Perez, Jr. v. 33rd Street Investors I LLC. et al,* (S.D.N.Y., Dec. 15, 2020) at Dckt. No. 72 ("ORDER: Pursuant to the Court's directive, Defendants have filed a sworn affidavit attesting that the subject restaurant and business has permanently closed and vacated the premises at issue. Accordingly, by December 22, 2020, Plaintiff shall show cause in writing why this case should not be dismissed as moot. SO ORDERED.") In *Perez,* the Court subsequently dismissed the Action after Plaintiff's counsel

---

[1] As an aside, Plaintiff never served a supplemental expert report by September 24, 2021, as directed.

(Parker Hanski LLC), informed the Court that they took no position on whether the Court must retain supplemental jurisdiction over plaintiff's remaining nonfederal claims.

Consequently, because the Plaintiff's ADA claim was voluntarily dismissed, this Court lacks a proper foundation for supplemental jurisdiction over the state law claims asserted in Plaintiff's remaining causes of action.

Dated: October 1, 2021
      New York, New York

By:    */s/ Jason Mizrahi*
        Levin-Epstein & Associates, P.C.
        Joshua D. Levin-Epstein
        Jason Mizrahi, Esq.
        60 East 42nd Street, Suite 4700
        New York, NY 10165
        Tel. No.: (212) 792-0048
        Email: Jason@levinepstein.com
        *Attorneys for Defendants*